**Rebecca B. MCKNATT, Plaintiff,**

v.

**State of DELAWARE, Department of Public Safety, Defendant.**

**No. CIV. 02–1659SLR.**

United States District Court, D. Delaware.

May 12, 2004.

Jeffrey K. Martin, Esquire and Timothy J. Wilson, Esquire of Margolis Edelstein, Wilmington, DE, for Plaintiff.

W. Michael Tupman, Esquire and Ralph K. Durstein, III, Esquire of the Delaware Department of Justice, Dover, DE, for Defendant.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

On December 3, 2002, plaintiff Rebecca McKnatt commenced this action against defendant State of Delaware, Department of Public Safety. (D.I.1) In her complaint, plaintiff asserted claims of: (1) gender discrimination and sexual harassment in violation of Title VII; (2) retaliation in violation of Title VII;[1] and (3) discriminatory failure to promote. (*Id.* at ¶¶ 41–55) The court held a jury trial in November 2004. (D.I.70–74) The jury returned a verdict which found for plaintiff on her hostile work environment claim and the fitness-for-duty evaluation retaliation claim, but found against her on the retaliation by failure to transfer claim and discriminatory failure to promote claim. (D.I.68) The jury awarded plaintiff $80,000 for her emotional pain, suffering, and mental anguish. (*Id.*)

Presently before the court is plaintiff's motion for costs and attorneys' fees. (D.I. 77) Plaintiff seeks an award of $79,958.00 in attorneys' fees and $1,623.30 in costs. (D.I. 81 at ¶¶ 17–18)[2] In support of her application for attorneys' fees, plaintiff's attorneys submitted an itemized billing record for the litigation. (D.I. 77, ex. A; D.I. 81, ex. D) Plaintiff's counsel also submitted affidavits from Mr. Martin; his associate, Timothy J. Wilson; and three other practitioners. (D.I. 77, exs. B, D, E; D.I. 81, exs. B, C) Defendant filed a brief in opposition. (D.I.80) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court grants plaintiff's motion.

## II. DISCUSSION

### A. The American Rule

 Under the "American Rule," courts generally do not award attorneys' fees to the party who prevails on the merits.[3] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources,* 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). However, a prevailing party may be entitled to reasonable attorneys' fees if such fees are provided for by contract, statute, or equity. *Summit Valley Indus., Inc. v. Carpenters,* 456 U.S. 717, 721, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982). If a statute provides for an award of attorneys' fees, an award should be given unless "special circumstances" render the award unjust. *Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

Plaintiff's successful causes of action arose under 42 U.S.C. § 2000e–2, which is part of Title VII. (D.I.68) This court may award plaintiff reasonable attorneys' fees

---

1. Plaintiff brought two claims that defendant retaliated against her: (1) when defendant required her to undergo a fitness-for-duty evaluation in September of 2000; and (2) when plaintiff was not transferred to Governor Minner's security detail. (D.I. 68 at 2) Consequently, plaintiff brought a total of four claims against defendant.

2. These figures are from plaintiff's reply brief. (D.I.81)

3. Plaintiff is the prevailing party in this case because the jury returned a verdict in her favor. Defendant filed a motion and a renewed motion for judgment as a matter of law. (D.I.63, 78) The court denied these motions.

for her successful claims since Title VII provides, "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... reasonable attorney[s'] fee[s] (including expert fees) as part of the costs ...." 42 U.S.C. § 2000e–5(k). The court does not discern any special circumstance which would render an award of attorneys' fees in the present matter unjust. Furthermore, defendant does not contest the award of attorneys' fees to plaintiff. (D.I. 80 at ¶¶ 2–3) The court concludes plaintiff is entitled to attorneys' fees.

Federal courts in this jurisdiction have adopted the "lodestar" approach to calculate reasonable attorneys' fees granted pursuant to statutes. *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir.2000). The lodestar is calculated by taking the amount of time reasonably expended by counsel for the prevailing party on the litigation, and multiplying that time by a reasonable hourly rate. *Id.* This "lodestar" is presumed to be the reasonable fee to which the prevailing party is entitled. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

■■■ The court may exclude from the lodestar calculation unnecessary hours or hours that lack proper documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). With respect to the number of hours expended, the prevailing party must establish that those hours were "reasonably expended." *Id.* at 434.

■■ A court examines the prevailing market rates in the community to determine the "reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The prevailing party bears the burden of establishing, by way of satisfactory evidence, that the requested hourly rate aligns with this standard. *Id.* at 895 n. 11, 104 S.Ct. 1541.

■■■ Calculation of the lodestar does not end the reasonable attorneys' fees inquiry, as the court may adjust the loadstar upward or downward. A district court may use twelve factors[4] (the "*Johnson* factors") to adjust the lodestar. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. However, several of the *Johnson* factors cannot be used to increase the lodestar amount because these factors are properly considered as part of the lodestar calculation. These factors are: (1) the novelty and difficulty of the question; (2) the skill requisite to perform the legal service properly; (3) the experience, reputation, and ability of the attorney; and (4) the amount involved and the results obtained. *Del. Valley*, 478 U.S. at 565, 106 S.Ct. 3088; *Stenson*, 465 U.S. at 898–900, 104 S.Ct. 1541. Furthermore, a contingency fee cannot be used as a risk factor to increase attorneys' fees. *City of Burlington v. Dague*, 505 U.S. 557, 559, 567 (1992). The Supreme Court has held that an upward adjustment of a lodestar is permissible only in " 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the

---

4. The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

record and detailed findings by the lower courts." *Del. Valley*, 478 U.S. at 565, 106 S.Ct. 3088 (citing *Stenson*, 465 U.S. at 898–901, 104 S.Ct. 1541). In contrast, a court "can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990) (citing *Hensley*, 461 U.S. at 434–37, 103 S.Ct. 1933). This downward adjustment "accounts for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of successful claims." *Id.* A court may not sua sponte reduce a request for attorneys' fees. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 719 (3d Cir.1989). However, "the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." *Id.* at 721. The party who asks for the fees to be adjusted has the burden of proving an adjustment is necessary. *Stenson*, 465 U.S. at 898, 104 S.Ct. 1541.

## B. Reasonable Amount of Time Expended[5]

■ Plaintiff's attorneys submitted twenty pages of itemized records indicating the date legal work was performed, the person performing the work, the nature of the work, the number of hours spent, and the hourly rate charged for the work. (D.I. 77, ex. A; D.I. 81, ex. E) Defendant does not challenge, and the court does not find, any of these hours to be unnecessary or lacking proper documentation. The amounts of time reasonably expended by plaintiff's counsel are:

| | |
|---|---|
| Jeffrey K. Martin, Esquire | 205.1 hours |
| Timothy J. Wilson, Esquire | 110.0 hours |
| Jackie Goffney, Law Clerk | 0.2 hours |
| Anthony Iannini, Paralegal | 78.4 hours |

## C. Reasonable Hourly Rate[6]

■ Plaintiff's lead attorney submitted an affidavit attesting that the following hourly rates are consistent with prevailing market rates for each respective person:

| | |
|---|---|
| Jeffrey K. Martin, Esquire | $250.00/hour |
| Timothy J. Wilson, Esquire | $200.00/hour |
| Jackie Goffney, Law Clerk | $ 95.00/hour |
| Anthony Iannini, Paralegal | $ 85.00/hour |

(D.I. 77, ex. B) Timothy J. Wilson, Mr. Martin's associate, attested in an affidavit that his standard billing rate is $200.00 per hour. (D.I. 81, ex. C) Plaintiff submitted three additional affidavits in support of these statements by Mr. Martin and Mr. Wilson.[7] (D.I. 77, exs. D, E; D.I. 81, ex. B) These affidavits establish the following reasonable hourly rates: (1) $250.00 per hour for Mr. Martin; (2) $200.00 per hour for Mr. Wilson; and (3) $85.00 per hour for Mr. Iannini.[8] (D.I. 77, exs. D, E; D.I. 81, ex. B)

---

**5.** The second *Johnson* factor, "novelty and difficulty of the question", is "presumably ... fully reflected in the number of billable hours[.]" *Stenson*, 465 U.S. at 898, 104 S.Ct. 1541. The court finds the present matter is not novel or complex enough to warrant enhancement of the reasonable billable hours.

**6.** The calculation of reasonable hourly rates subsumes the following *Johnson* factors: (1) the skill requisite to perform the legal service properly; (2) the experience, reputation, and ability of the attorney; and (3) the amount involved and the results obtained. *Stenson*, 465 U.S. at 898–900, 104 S.Ct. 1541; *Del. Valley*, 478 U.S. at 565, 106 S.Ct. 3088. Plaintiff presents no evidence that the skill required; the experience, reputation, and ability of counsel; or the results obtained in this case were exceptional. The court will not adjust the reasonable hourly rate based on these factors.

**7.** Each of these affiants had several years of experience in labor and employment law litigation and was familiar with the market for attorney (and, in the case of Richard Wier, paralegal) hourly rates in Wilmington, Delaware.

**8.** Defendant argued, "a paralegal's 'hourly rate should not exceed those of law [clerks].' " (D.I. 80 at ¶ 13) Plaintiff established that

## D. The Lodestar

Based on the preceding analysis, the court concludes that the lodestar in this case is:

| | | |
|---|---|---|
| Jeffrey K. Martin | $250/hour * 205.1 hours = | $51,275.00 |
| Timothy J. Wilson | $200/hour * 110.0 hours = | $22,000.00 |
| Jackie Goffrey | $ 95/hour * 0.2 hours = | $ 19.00 |
| Anthony Iannini | $ 85/hour * 78.4 hours = | $ 6,664.00 |
| | Lodestar = | $79,958.00 |

## E. Adjustment of the Lodestar

■ The record contains no evidence supporting an upward adjustment of plaintiff's lodestar. First, none of plaintiff's affidavits claim, or even mention, entitlement to a bonus or upward revision. *Stenson*, 465 U.S. at 898, 104 S.Ct. 1541. Furthermore, the relevant *Johnson* factors do not establish this case as "rare" and "exceptional." *Del. Valley*, 478 U.S. at 565, 106 S.Ct. 3088. While plaintiff has established the number of hours her attorneys spent on this case, she presented no evidence showing that this was a substantial expenditure of time. Plaintiff also failed to present evidence that her lawyers were precluded from any employment because of the demands of this case. Plaintiff's attorneys' contingency fee in this case would have been $26,640.00. (D.I. 77 at 3) This customary fee does not support an upward adjustment of the $79,958.00 lodestar. Plaintiff paid the fees and costs in this case on the date they were due or shortly thereafter. (D.I. 77, ex. G; D.I. 81 at ¶ 17) Plaintiff also failed to present evidence showing that this was an undesirable case or that few attorneys would be willing to represent a civil rights plaintiff. That plaintiff's attorneys represented her solely in this case also does not support an upward adjustment of the lodestar. Final-

ly, plaintiff does not even argue that upward adjustment is warranted based on fee awards in similar cases. Consequently, the *Johnson* factors properly considered in a lodestar adjustment analysis suggest that plaintiff's lodestar should not be increased.

■ However, plaintiff's mixed success at trial makes a downward adjustment of the lodestar appropriate. *Rode*, 892 F.2d at 1183. The court finds that plaintiff's original loadstar of $79,958.00 is not reasonable compared to the $80,000.00 the jury awarded plaintiff. (D.I.68) This finding is strengthened by the fact that, without an award of reasonable attorneys' fees, plaintiff's attorneys would receive a contingency fee of $26,640.00. (D.I. 77 at ¶ 5) Plaintiff presented four related claims, two of which were successful and two which were unsuccessful. To account for the time plaintiff's attorneys spent on her unsuccessful claims, the court shall reduce plaintiff's lodestar by 40%. After a 40% reduction ($31,983.20) to the lodestar, the court shall award attorneys' fees in the amount of $47,974.80. The downward adjustment of the lodestar adopted by the court puts plaintiff's attorneys' fees in line with the overall relief obtained.

$85.00 per hour is a reasonable rate for Mr. Iannini, a paralegal. The court concludes

$95.00 per hour is a reasonable rate for Ms. Goffney, a law clerk.

**F. Costs**

Local Rule 54.1(b) identifies all costs which may be recovered by the prevailing party in a civil litigation in the District of Delaware. Nowhere in Local Rule 54.1(b) is there any provision for mileage, parking or subsistence of attorneys or their employees. Plaintiff submitted a bill of costs totaling $1,623.30. (D.I.81, ex. D) The court rejects plaintiff's request for parking fees and Mr. Martins's travel fees and meals, thereby reducing plaintiff's bill of costs by $200.42.[9] As a result, the court grants plaintiff $1,422.88 in costs.

## III. CONCLUSION

For the reasons set forth above, the court shall award $47,974.80 in attorney% & s fees and $1,422.88 in costs to plaintiff as the prevailing party in her suit against defendant. An appropriate order shall issue.

## ORDER

At Wilmington this 12th day of May, 2005, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that plaintiff's motion for costs and attorneys' fees (D.I.77) is granted to the amount of $47,974.80 in attorneys' fees and $1,422.88 in costs.

---

9. The costs **excluded** from plaintiff? revised bill of costs (D.I. 81 ex. D) are:

| | | |
|---|---|---|
| 12/3/02 | Parking at Courthouse (filing) | $ 3.50 |
| 11/25/03 | Travel to & from Dover re: deposition of Becky | $ 34.65 |
| 10/7/04 | 9/14 Mileage to attend mediation—Jeffrey K. Martin | $ 1.13 |
| 10/7/04 | Parking—Jeffrey K. Martin | $ 4.00 |
| 10/7/04 | 9/28 mileage to attend pretrial conf—Jeffrey K. Martin | $ 1.50 |
| 10/7/04 | Parking—Jeffrey K. Martin | $ 3.00 |
| 12/6/04 | Parking Jeffrey K. Martin | $ 8.50 |
| 12/6/04 | Parking—Jeffrey K. Martin | $ 8.50 |
| 12/6/04 | Parking—Jeffrey K. Martin | $ 9.50 |
| 12/7/04 | Local meals—Jeffrey K. Martin | $ 42.25 |
| 12/7/04 | Parking—Jeffrey K. Martin | $ 8.50 |
| 12/7/04 | Local Meals—Jeffrey K. Martin | $ 29.00 |
| 12/7/04 | Local meals—Jeffrey K. Martin | $ 38.51 |
| 12/15/04 | 11/23 Mileage to file response to motion—Jeffrey K. Martin | $ 1.88 |
| 12/16/04 | 11/4, 11/5, 11/8 & 11/9 mileage to/from courthouse for trial—Jeffrey K. Martin | $ 6.00 |
| | | $200.42 |